

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

AUSTIN 11, TEXAS

XXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Nelson Creeman, Secretary
Texas State Board of Examiners in Optometry
Majestic Building
San Antonio, Texas

Dear Sir:

Opinion No. O-6552
Re:   Under the facts stated, the
      Board is not authorized to
      accept the application of a
      person for examination for
      license to practice optometry
      in the state of Texas.

Your recent letter requests this department's opinion
as to whether or not the Texas State Board of Examiners
in Optometry is authorized to permit an applicant to take an
examination in this State under the following fact situation.
The applicant enrolled in a school for optometry in September
1922, graduated from said school in June 1924; at that time
he was not a resident of the state of Texas and has not been
in the actual practice of optometry since his graduation in
1924 from the school of optometry. Applicant is now a resi-
dent of Texas and on December 8, 1944, while a resident of
Dallas, Texas, he obtained a license to practice optometry
in the State of Nebraska; but has not been in actual practice
in that or this State. This, we believe, briefly summarizes
the facts stated in your letter, as well as the exhibits at-
tached thereto, requesting this department's opinion on the
facts stated.

The applicant graduated from the Needles Institute of
Optometry in June 1924, and at that time under the then
statutes of the State of Texas he would have been eligible
to take the examination.

The 37th Legislature, 1921, First Called Session, Chapter 51,
page 159, passed an Act defining and regulating the
practice of optometry in Texas and created a board of

examiners.  The Codifiers of the Revised Civil Statutes of
Texas, 1925, placed the 1921 Act in Chapter 10 of Title 71
of the Revised Civil Statutes of 1925, same being Articles
4552-4566, inclusive, of the Revised Statutes of 1925.

That part of the 1921 Act pertinent to your in-
quiry, being the quoted portion of Section 11 of said Act,
is as follows:

> "Sec. 11.  Every person desiring to begin the
> practice of optometry after the passage of this
> Act shall make application for license by present-
> ing to the secretary of the Board, on blank forms
> furnished by the Board, satisfactory evidence,
> verified by oath, that he or she has attained the
> age of twenty-one years, is of good moral charac-
> ter, has the necessary preliminary education and
> has graduated from a school of optometry maintain-
> ing a standard which meets with the requirements of
> said Board,  or  has studied optometry in Texas
> not less than two years in the office of an optom-
> etrist licensed under this Act, before taking the
> examination which shall be prescribed by the Board.
> . . . the Board shall have authority, at its dis-
> cretion, to recognize the license which has been
> issued, after full examination, by State Board of
> Examiners in Optometry of other states having a
> standard of education in optometry satisfactory
> to the Texas State Board of Examiners in Optometry
> and may issue to such persons a license to practice
> optometry in Texas, or in its discretion, may ad-
> mit for full examination any person presenting an
> unrevoked certificate of examination from the Board
> of Examiners  of any other State.

> ". . ."  (Emphasis ours)

The above quoted parts of Section 11 were brought
forward into the Revised Civil Statutes of 1925 as Articles
4557 and 4560.

Article 4557 of the original 1925 codification is
as follows:

> "Art. 4557.  Application for license.---Whoever
> desires to begin the practice of optometry shall

make application for license by presenting to the
secretary of the board, on forms furnished by the
board, satisfactory sworn evidence that he or she
has attained the age of twenty-one years, is of
good moral character and <u>has graduated from a
school of optometry maintaining a standard which
meets with the requirements of said board</u>, or has
studied optometry in Texas not less than <u>two years</u>
in the office of an optometrist licensed under
this law before taking the examination which shall
be prescribed by the board." (Emphasis ours)

Article 4560 of the original codification of 1925
is as follows:

"Art. 4560. <u>Reciprocity</u>. -- The board shall
have authority, at its discretion, to recognize
the license which has been issued, after full exam-
ination, by State Board of Examiners in Optometry
of other states having a standard satisfactory to
the Texas State Board of Examiners in Optometry
and may issue to such persons a license to prac-
tice optometry in Texas, or in its discretion, may
admit for full examination any person presenting
an unrevoked certificate of examination from the
Board of Examiners of any other state."

In 1939, Acts of the 46th Legislature, page 360,
Article 4557 was amended so that it read as follows:

"Every person desiring to practice optometry
in the State of Texas shall be required to pass
the examination given by the Texas State Board of
Examiners in Optometry. The applicant shall make
application by presenting to the Secretary of the
Board, on forms furnished by the Board, satisfac-
tory sworn evidence that he has attained the age of
twenty-one (21) years, is of good moral character,
is a citizen of the United States, and has at least
graduated from a first grade high school or has a
preliminary education equivalent thereto permitting
matriculation in the University of Texas, and that
he has attended and graduated from a <u>reputable uni-
versity or college of optometry</u> and <u>which meets
with the requirements of the Board</u>, or has studied

optometry not less than four consecutive calendar
years in the office of an optometrist licensed
under this Act. and has the preliminary high school
education provided for in this section, before be-
ginning his studies, and provided that any person
desiring to qualify in this manner shall file with
the Board on blanks prescribed and furnished by
the Board satisfactory proof, upon the beginning
of his studies, as aforesaid, within thirty (30)
days thereof, and full and complete satisfactory
proof upon the completion of his studies within
thirty (30) days thereof.

"A university of school of optometry is repu-
table whose entrance requirements and course of
Instruction are as high as those adopted by the
better class of universities and schools of optom-
etry and whose course of instruction shall be the
equivalent of not less than four (4) terms of eight
(8) months each and approved by the Board." (Em-
phasis ours)

And the same 1939 Act also repealed the reciprocity
provision of Article 4560 so that now in Texas we do not have
any optometry reciprocity with other states.

Article 4559 with reference to the conduct of exam-
inations, notice, registration etc. was also amended by the 1939
Act by adding thereto the following paragraph:

"  .  .  .

"Provided that no provision of this section
shall apply to any qualified person who in good
faith began the study of optometry under the pro-
visions of Chapter 51, Acts of the Thirty-seventh
Legislature, First Called Seccion, prior to the
effective date of this Act, and who shall, within
thirty (30) days after such effective date, regis-
ter with the Secretary of the Board, under proper
rules of the Board, satisfactory proof of the be-
ginning of such study, together with such other
related facts as the Board may require. Any per-
son failing to register with the secretary to the
Board as herein provided shall be deemed to have
waived all rights under the provisions of Chapter

> 51, Acts Thirty-seventh Legislature, First Called
> Session.  Acts 1st C.S. 1921, p. 159; Acts 1939,
> 46th Leg., p. 360, S. 6."  (Emphasis ours)

The same Legislature, 46th Legislature, H. C. R.
No. 212 found on page 849 of the Acts of the 46th Legislature
passed a concurrent resolution stating that the first sentence
of the above quoted paragraph which reads "Provided that no
provision of this section" should have read "Provided that no
provision of this Act."

It cannot be questioned but that the State has the
power to set standards or qualifications and impose reasonable
restrictions upon those seeking to practice a profession and
that these standards or qualifications can be changed from
time to time.  This inherent power of the State exists in or-
der to determine the competency or capacity of persons seek-
ing to engage in professions or callings or those vocations
vitally related to the conserving of the public welfare and
the public safety.  It is manifest that the Legislature in-
tended to raise the requirements and qualifications of optom-
etrists and that it amended the statutes by substituting the
period of required study from two to four years; and since
the applicant did not preserve his rights in the matter his
attempt to do so now comes too late.

It is our opinion that since the person named in
your communication has failed to comply with Article 4559 as
amended, his application now comes too late and he, therefore,
is prohibited from taking the examination.

Trusting that the foregoing fully answers your in-
quiry, we are

                         Yours very truly

                    ATTORNEY GENERAL OF TEXAS

                    By           David Wuntch
                                 Assistant

DW:mp/PAM

APPROVED MAY 23, 1945
GROVER SELLERS
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY GRM, CHAIRMAN